The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Willis (and the briefs and oral arguments before the Full Commission). The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or amend the Opinion and Award.
The Full Commission, upon its own authority, corrects the identification of the date of injury throughout the Opinion and Award. The date of injury should have been identified throughout the Opinion and Award as May 25, 1993.
* * * * * * * * * * *
At the hearing the parties submitted a Pre-Trial Agreement, dated 15 July 1994. This document, with its stipulations, is incorporated by reference as though fully restated herein.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing plaintiff was 28 years old, with a date of birth of 9 October 1965. For his education plaintiff had earned a G.E.D. and had some self-taught mechanical skills. For his work history plaintiff had worked as a truck driver and in construction. Plaintiff began working for defendant on 15 May 1993 as a truss builder.
2. On 25 May 1995, plaintiff was struck on the right shoulder by a truss. He reported the incident to his supervisor, but was able to complete the shift. Defendant contends that this incident did not occur. Part of the basis for defendant's contention is that plaintiff's girlfriend's former husband claimed a very similar incident with the same employer. However, at plaintiff's first medical examination on the day after the incident, doctors noted a contusion of plaintiff's shoulder and neck; and therefore, the undersigned find that the alleged incident of 25 May 1995 did occur and that this incident was an interruption of plaintiff's regular work routine by unusual circumstances likely to result in unexpected consequences.
3. Plaintiff's testimony regarding his physical condition after the incident was not credible. This finding is based, in part, on the following:
 a. Plaintiff has claimed inexplicable pain to every part of his body as a result of the bruises to his neck and shoulder.
 b. Objective tests have shown results which were within normal limits. These include physical examination, x-rays, CT scans, MRI's, EMG's, and nerve conduction studies.
 c. In medical records, notations have been made that plaintiff is malingering, magnifying his symptoms, not putting forth maximum effort, demonstrating inappropriate pain responses, and that his condition is "non-organic."
 d. Videotapes of plaintiff's conduct have demonstrated that he has substantially greater mobility than he claimed. For example, plaintiff has expressed the need for a walker, a wheelchair, or a cane in order to move, but has functioned without these devices while away from his doctors.
Based on the lack of credibility, the undersigned find that the bruises to plaintiff's neck and shoulder caused by the incident of 25 May 1993 did not cause any reduction in plaintiff's ability to be gainfully employed and that continuously since the incident plaintiff has been capable of performing his regular job with defendant with no restrictions.
* * * * * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 25 May 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2 (6).
2. As a result of the accident of 25 May 1993, plaintiff has not been disabled. N.C.G.S. § 97-2 (9).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC DEPUTY COMMISSIONER CONCURRING:
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING: S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER